# MISSISSIPPI LAND COMPANY v. INTERNATIONAL HARVESTER COMPANY.[1]

July 22, 1927.

No. 26,135.

**Case followed.**

Mines and Minerals, 40 C. J. p. 1016 n. 78 New.

Plaintiff appealed from an order of the district court for St. Louis county, Kenny, J., sustaining a demurrer to the complaint. Reversed, following Marble v. Oliver I. Min. Co. supra, p. 263.

*Clapp, Richardson, Elmquist, Briggs & Macartney,* for appellant.

*William S. Elliott, Victor A. Remy, Edward R. Lewis,* and *Davis, Severance & Morgan,* for respondent.

PER CURIAM.

Two separate mining leases were made by plaintiff in 1901 and 1902 of two 80-acre tracts in Itasca county. Defendant has succeeded to the rights and interest of the lessee. Substantially the same covenant to pay taxes found in the lease considered in Marble v. Oliver I. Min. Co. supra, p. 263, occurs in these two leases. In 1923, after the enactment of L. 1923, p. 258, c. 226, the two leases were surrendered and in lieu thereof one lease was executed by plaintiff, as lessor, to defendant as lessee, to run for a period of 40 years from January 1, 1924. The covenant therein relied on for recovery of the royalty tax paid by the lessor reads:

"The lessee further covenants to pay all taxes and assessments, ordinary and extraordinary, general or [and] specific which may or shall be levied or assessed upon the demised lands and on the iron ore mined and unmined thereon, or on account of any and all

[1] Reported in 215 N. W. 181.

ore taken out or mined hereunder, including any so-called tonnage or occupational tax thereon," etc.

Recovery is sought for some royalty tax paid by plaintiff while the two first leases were in force, and under the decision in the Marble case the demurrer was erroneously sustained. Forceful arguments are made that the covenant quoted from the last lease cannot be held to obligate the lessee to pay the tax in question. It is said the lease enumerated the occupational tax which under no pretense could be considered as falling upon the lessor and a possible tonnage tax not in existence, but did not refer to the royalty tax then in existence. We are, however, of the opinion that the covenant quoted so clearly includes all imposition of taxes and assessments against the right, title and interest of plaintiff in the demised premises that the same result as in the Marble case must follow.

The order is reversed.